UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, et al.,**

    **Plaintiffs,**

  v.                                       **Civil Action No. 2:18-cv-666**
                                            **Judge Michael H. Watson**
                                            **Magistrate Judge Jolson**

**JORDAN JARRELL,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Defendant Jordan Jarrell attempted to remove an action pending in Franklin County Municipal Court to this Court. (Doc. 1). However, Defendant failed to pay the requisite $400 filing fee or to file an application for leave to proceed without prepayment of fees. Instead, he submitted a document titled "Affidavit of Financial Statement" in which he represented that he does not possess any gold or silver coins to pay the filing fee. (*Id.*). To the extent that Defendant intended this to serve as a motion or application to proceed without prepayment of fees, the Court denied his request in a July 9, 2018 Order. (Doc. 2).

The Court informed Defendant Jarrell that his submission failed to contain sufficient information to allow for determination whether he is "unable to pay [the filing] fees or give security therefor" as required under 42 U.S.C. § 1915(a)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that section 1915(e)(2) applies to matters filed *in forma pauperis* by prisoners and non-prisoners alike), *overruled on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007). Consequently, the Court ordered Defendant Jarrell to submit the required $400 filing fee or, alternatively, to file an application for leave to proceed *in forma pauperis*. (*Id.*). The Court

likewise warned Defendant Jarrell that it would recommend dismissal of this attempted removal should he fail to correct the deficiencies identified in the Order. (*Id.*). Finally, the Court directed the Clerk to send two copies of the *in forma pauperis* application to Defendant Jarrell. (*Id.*).

In response, Defendant Jarrell made clear that he would neither submit the required $400 filing fee nor file an application for leave to proceed *in forma pauperis*. Instead, Defendant Jarrell filed a "Writ of Error," explaining that his previous filing was not a Motion, but an exercise of a constitutional right. (Doc. 3 at 1). More specifically, Defendant Jarrell argued that requiring him to file an application for leave to proceed *in forma pauperis* improperly renders access to the courts "for sale" in violation of the United States Constitution. (*Id*. at 2). This Court disagrees.

Courts presented with an "Affidavit of Financial Statement," such as the one filed here, have found them "facially defective" insofar as they are filed in lieu of an application for leave to proceed *in forma pauperis. See, e.g.*, *Nin El Ameen Bey, et al. v. John Stumpf, et al.*, 825 F. Supp. 2d 537, 546–52 (D.N.J. Oct. 17, 2011) (denying *in forma pauperis* status due to failure to file court-approved application form and dismissing the case without prejudice); *Faruq El Bey v. Barry*, No. 2:13-cv-732, 2013 WL 4482463, at *1–2 (S.D. Ohio Aug. 21, 2013) (recommendation of dismissal because "Affidavit of Financial Statement" was insufficient and plaintiff failed to pay the filing fee or file an application for leave to proceed *in forma pauperis*), *adopted in* Doc. 7 on Sept. 7, 2013 (unpublished); *see also Michael Borders El Bey v. John Does # 31, et al.*, No. 17-CV-6565-CJS, 2017 WL 3923753, at *3 (W.D.N.Y. Sept. 7, 2017) ("[A]s Plaintiff has neither paid the filing fee, nor request poor person status, his frivolous complaint, ECF No. 1, is dismissed without prejudice."). Based on the foregoing, Defendant Jarrell has failed to comply with this Court's Order requiring him to either submit the $400 filing fee or file an application for leave to proceed *in forma pauperis*, and this Court **RECOMMENDS** dismissal of this attempted removal.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 12, 2018  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE